# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cr-20035-TLP |
| v. ) | |
| ) | |
| EDMUND HULL FORD, JR., ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

The Government moves here for a Protective Order. (ECF No. 13.) The Court finds that the motion is well-founded and is therefore **GRANTED**. Discovery will be facilitated by this Order under Federal Rule of Criminal Procedure 16(D)(1).

**1.     Definition of Discovery Material**. This order shall govern Defendant's rights and obligations with respect to all documents and materials received by Defendant from the United States in criminal discovery (collectively, "Discovery Material").

**2.     Confidentiality of Discovery Material.** All Discovery Material must be treated as confidential throughout this action and will be referred to as confidential without need for further designation. Discovery Material must be used by Defendant only for this action.

3.     **Disclosure of Discovery Material to Authorized Persons.** Defendant shall not disclose Discovery Material to any person except Authorized Persons as listed below:

   a.     The Parties, counsel for the Parties, and their respective employees;

   b.     Any person retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal action),

including their consultants, agents, experts, and investigators. With respect to such persons, (i) Discovery Material shall be disclosed to the person only to the extent necessary to perform the work for which the person was retained; and (ii) the person shall not retain Discovery Material after his or her work related to this criminal action has concluded;

c. Any person whose testimony was or will be taken in this action. With respect to such persons: (i) Discovery Material shall be disclosed to the person only in preparation for, during, or in review of the person's testimony; and (ii) the person shall not retain Discovery Material after his or her testimony has concluded; and

d. The Court and any persons employed by it working on this matter.

4. **Disclosure to the Defendant.** The defense may provide Discovery Material to Defendant under the conditions below:

a. Defendant shall use the Discovery Material only to assist his defense team with preparing a defense to the charges in this action;

b. Defendant may not provide copies of the Discovery Material to any third parties and may only review the Discovery Material either alone or in the presence of the defense team, which consists of defense counsel, staff, and retained experts or staff;

c. If on bond, Defendant will be permitted to review and retain redacted copies of the Discovery Material;

d. If detained, Defendant will be permitted to review copies of the Discovery Material at the facilities approved by the detention center for this purpose, on detention center-approved computers, or in hard-drives maintained by the detention center staff while not in use by Defendant; and

  e. If detained, Defendant shall not be permitted to maintain a copy of the Discovery Material, or any notes made while reviewing the Discovery Material, in his cell.

5. **Notice Before Disclosure.**  Before any disclosure to an Authorized Person listed above (other than the Court), Defendant must inform that person of this order and its effect and provide the person with a copy of this order.  Defendant shall further direct the person not to disclose any Discovery Material and that any unauthorized disclosure may be punished as contempt of court.

6. **Reproduction of Discovery Material.**  Any copies or reproductions of Discovery Material are considered Discovery Material and must be treated in the same manner as the original material.

7. **Limitation on Use of Discovery Material**.  Nothing in this order will limit Discovery Material from being used in pretrial proceedings, motions, and briefs, trial, and other proceedings in this litigation.

8. **Discovery Material in Court Papers.**  Nothing in this order limits the application of Fed. R. Crim. P. 49.1 (regarding privacy protections for court filings) for any filings made with the Court.

9. **Defendant's Use of His Own Documents.**  Nothing in this order will prevent a Defendant from any use of his own confidential documents, even if considered Discovery Material under this Order.

10. **Use of Discovery Material at Trial.**  With this Order, the Court makes no finding about the admissibility, confidentiality, and use of any Discovery Material at trial.  Any question about the admissibility, confidentiality, and use of any Discovery Material at trial or at a future proceeding in this action shall be subject to further order of the Court; the Federal Rules of

Criminal Procedure, including, but not limited to, Fed. R. Crim. P. 6(e) and 49.1; and the Federal Rules of Evidence.

11. **Inadvertent Disclosure.** Nothing in this order exposes Defendant or Defendant's counsel to contempt of court or any other type of sanction for unintentional or inadvertent disclosure of Discovery Material by Defendant, Defendant's counsel, or an agent of Defense counsel. In the event of such unintentional or inadvertent disclosure of Discovery Material, Defense counsel shall promptly notify the United States of the inadvertent disclosure, and the Parties' counsel must discuss in good faith what steps, if any, should be taken to minimize the effect of such disclosure.

12. **Modification of Order.** The terms of this order are subject to modification, extension, or limitation as may be agreed to by all Parties or by order of the Court.

**SO ORDERED**, this 4th day of March, 2025.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE