## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-20035-TLP |
| | ) | |
| EDMUND FORD, JR., | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and LYNN CRUM, Assistant United States Attorney, and the defendant, EDMUND FORD, JR., represented by MICHAEL SCHOLL, defense counsel.

1.      EDMUND FORD, JR. agrees that he will enter a voluntary plea of guilty to Counts 2 through 6 of the Indictment, which charges the defendant with tax evasion and attempted tax evasion, in violation of 26 U.S.C. § 7201. This offense carries a maximum statutory punishment of imprisonment for not more than five (5) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100.00. EDMUND FORD, JR. agrees that he is entering a voluntary plea of guilty to Counts 2 through 6 because he is, in fact, guilty of the offenses charged in Counts 2 through 6. Ford agrees to immediately resign from,

1

relinquish, and forfeit his publicly elected office upon this plea of guilty, and further acknowledges that this plea of guilty constitutes a conviction for infamous crimes that will forever disqualify him from qualifying for, seeking, or holding any public office in the State of Tennessee or any political subdivision of the State of Tennessee, by operation of T.C.A. §§ 8-18-101(1) and 40-20-114(b).

2.    Pursuant to this agreement, the UNITED STATES agrees:

a.    To move to dismiss Counts 1 and 7 at sentencing;

b.    To recommend that the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

c.    To recommend that following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

d.    To recommend that the defendant be required to pay a fine if ordered by the Court; and,

e.    To recommend that the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

3.    EDMUND FORD, JR. understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing,

2

the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for EDMUND FORD, JR. to withdraw his guilty plea.

4.      Should it be judged by the Government that EDMUND FORD, JR. has committed or attempted to commit any additional crimes, engages in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, attempts to withdraw his plea, or fails to make any court appearances in this case, from the date of his signing of this plea agreement to the date of his sentencing, the UNITED STATES will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by EDMUND FORD, JR. would not release him from this plea of guilty.

5.      EDMUND FORD, JR. understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further, EDMUND FORD, JR. waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in

3

this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

6.     EDMUND FORD, JR. agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, EDMUND FORD, JR. acknowledges that he has read this agreement, has discussed it with his attorney and understands it. EDMUND FORD, JR. acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY


_____          2·2·26
LYNN CRUM                                 Date
Assistant United States Attorney


_____          2·2·26
MICHAEL SCHOLL                            Date
Attorney for Defendant


_____          2·2·26
EDMUND FORD, JR.                          Date
Defendant


FILED IN OPEN COURT
DATE: 2/2/2026
TIME: 3:30 PM
INITIALS: JAM

4